IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOSEPH A. HANNAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21CV555 |
| | ) | |
| FORSYTH COUNTY SHERIFF DEPARTMENT, et al., | ) ) | |
| | ) | |
| Defendant(s). | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a detainee at the Forsyth County Detention Center, submitted a pro se Complaint (Docket Entry 2) under 42 U.S.C. § 1983 and requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a).

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly,

550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, portions of the Complaint should go forward, but other portions should be dismissed pursuant to 28 U.S.C. § 1915A(b) because they fail to state a claim on which relief may be granted.

The Complaint names Forsyth County Sheriff Bobby Kimbrough as a Defendant in both his individual and official capacities. The Complaint alleges that, during the COVID-19 pandemic, Defendant Kimbrough had control over the Detention Center but denied face masks to inmates, allowed officers to ignore mask requirements, and housed inmates in close

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

quarters. (Docket Entry 2 at 12.)² Plaintiff became infected with the COVID-19 virus while at the Detention Center. (Id.) These allegations are sufficient to state a potential claim for relief at this time and the claim should be allowed to proceed.

The Complaint also names the Forsyth County Sheriff's Department as a Defendant. Defendant Sheriff Kimbrough is the policy making agent for the Sheriff's Department and, as stated above, will remain in the case as a Defendant in both his individual and official capacities. The surviving claim against Defendant Kimbrough in his official capacity is duplicative of any similar claim against the Sheriff's Department. The Forsyth County Sheriff's Department should, therefore, be dismissed from the case.

The Complaint also names Rocky Joyner, Robert E. Slater, Richard Carleton, and Billy Warren as Defendants. It alleges that Defendant Joyner allowed inmates to be housed two to a cell and, more importantly, that officers under his supervision did not wear masks, that he knew this, and that he did nothing to correct the problem. (Id. at 13.) It alleges that Defendant Slater was in charge of quarantine procedures in the Detention Center, but that the procedure allowed inmates to return to the general population without being fully quarantined and often without testing. (Id. at 14.) As to Defendant Carleton, the Complaint claims that he possessed authority over rules, policies, and procedures in the Detention Facility but allowed symptomatic inmates to remain in general population and allowed or ordered officers who had tested positive for COVID-19 to work. (Id. at 15.) Finally, the Complaint asserts that Defendant Kimbrough delegated to Defendant Billy Warren the authority to protect

---

²All page citations refer to the page numbers listed in the footer displayed on the documents in this Court's electronic case filing database.

3

inmates from COVID-19, but that Defendant Warren allowed new inmates to be housed in a medical dorm without quarantining, refused to allow inmates to wear face coverings, and allowed staff to interact with inmates without masks. (Id. at 16.) These allegations of Joyner's, Slater's, Carleton's and Warren's direct actions reflecting deliberate indifference to the serious risk posed to Plaintiff by COVID-19 are sufficient to state claims against these Defendants at this time.

The final Defendant in the case is Wellpath Healthcare. The Complaint alleges that Defendant Wellpath did not allow Plaintiff to have a face mask. (Id. at 17.) However, it alleges no facts demonstrating that Wellpath had the power to give Plaintiff a mask and (as noted above) the Complaint elsewhere alleges that Defendant Kimbrough and others, who control policy at the Detention Center, would not allow inmates to have masks. The Complaint alleges no facts demonstrating that Defendant Wellpath had the power to issue masks contrary to the other Defendants' alleged policy. Further, the Complaint alleges no contact by Plaintiff with Defendant Wellpath prior to Plaintiff's infection with COVID-19. At that point, a mask would not have prevented any harm to Plaintiff. It does claim that Defendant Wellpath failed to "intervene and advocate for [Plaintiff] when the FCLEDC denied [him] rights to a mask." (Id. at 17.) However, no facts show that Defendant Wellpath had any federal constitutional duty or even any power to do so. Finally, the Complaint alleges that Defendant Wellpath did not provide Plaintiff with "any effective treatment or medicine" after he contracted COVID-19. (Id.) This is an entirely conclusory allegation. The Complaint contains no facts to establish what treatment was needed or even available that Plaintiff did not receive. At another point, the Complaint states that Plaintiff did not receive "special treatment or medicines designed

4

for COVID-19," (id. at 18) but it again fails to identify these treatments or medicines or even include facts establishing their existence or availability. In the end, the Complaint does not state any claim against Defendant Wellpath and it should be dismissed from the case.

As for Plaintiff's request to proceed *in forma pauperis*, § 1915(b)(1) requires that he make an initial payment of $53.33. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE RECOMMENDED that Plaintiff's claims discussed above against Defendants Kimbrough, Billy Warren, Richard Carleton, and Robert E. Slater be allowed to proceed but that the remainder of the claims in the Complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

IT IS ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $53.33.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of October of 2021, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that all payments deducted in relation to this case shall be designated as made in payment of the filing fee for Civil Action No. 1:21CV555, and shall be paid to the Clerk, U.S. District Court for the Middle District of North Carolina. In the

5

event Plaintiff is transferred to another institution, the balance due shall be collected and paid to the Clerk by the custodian at Plaintiff's next institution. A copy of this Order shall be sent to Plaintiff's current custodian.

IT IS FURTHER ORDERED that this action be filed, but that further proceedings and service of summons as to the remaining Defendants be stayed until Plaintiff either (1) submits to the Court the initial payment noted above, or (2) in the alternative submits a motion for relief from the stay, and a statement made under penalty of perjury that he has not had access to any funds for the initial payment noted above for the 20-day period.

FAILURE TO COMPLY WITH THIS ORDER IN A TIMELY MANNER WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF.

This, the 8th day of September, 2021.

_____
Joe L. Webster
United States Magistrate Judge